IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN NOEL THOMPSON, | No. 2:15-CV-0369-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

On August 28, 2015, the court ordered plaintiff to show cause within 30 days why this action should not be dismissed for lack of prosecution. Plaintiff was warned that failure to comply could result in dismissal of the action. To date, plaintiff has neither prosecuted this action by seeking voluntary remand or filing a dispositive motion, nor responded to the court's order to show cause.

1

1       The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

      In this case, the court finds that these factors weigh in favor of dismissal. Plaintiff's failure to prosecute this action thwarts the public's interest in an expeditious resolution on the merits, as well as the court's interest in managing its docket.

      Accordingly, IT IS HEREBY ORDERED that:

      1.    This action is dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders; and

      2.    The Clerk of the Court is directed to enter judgment and close this file.

DATED: January 20, 2016

                                                _____
                                                CRAIG M. KELLISON
                                                UNITED STATES MAGISTRATE JUDGE